IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 15-180 |
| KHALIL SMITH, ET AL., | : |

## ORDER

AND NOW, this 12th day of September, 2018, upon consideration of the Findings of Fact issued by the Honorable Jerome B. Simandle (Doc. No. 1463), correspondence from counsel for the parties and the witness in the evidentiary hearing before Judge Simandle, and upon a review of the record, it is hereby **ORDERED** that the Clerk of Court shall **UNSEAL**[1] the

---

[1] "[T]here is a strong presumption of public access to 'judicial records and documents.'" Haque v. Swarthmore Coll., No. 15-cv-1355, 2017 WL 3218073, at *1 (July 28, 2017) (quoting Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 161 (3d Cir. 1993)). Thus, a "party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994). While "privacy interests may, in certain circumstances, outweigh the common law right of access to judicial documents," courts "require[] a showing that disclosure would inflict unnecessary and intensified pain on third parties who the court reasonably finds are entitled to such protection in order to rise to the level required to outweigh the strong presumption of access." United States v. Gonzalez, 927 F. Supp. 768, 777 (D. Del. 1996) (internal quotation marks omitted). "Unflattering or false references or mere embarrassment are not sufficient to rise to this level." Id.

I have provided counsel for Defendants, the Government, and the witness an opportunity to object to the unsealing of these records. Only counsel for one Defendant, William Jefferson, submitted a memorandum in support of maintaining these records under seal. Jefferson's counsel initially acknowledged that "there maybe [sic] little or no basis to keep [these records] sealed." Other than that comment, Jefferson's counsel has since offered no basis to sustain the "heavy burden" that could warrant maintaining a sealed record. And Jefferson's counsel has not addressed how unsealing would affect his client—William Jefferson. Counsel for Defendant Stone advised that his client did not object to unsealing these records, and counsel for the remaining Defendants did not object to the record being unsealed. The Government took the position that maintaining the records under seal is "unnecessary." Counsel for the witness has advised that he "takes no position with respect to unsealing the record."

following Document Numbers: 1358, 1359, 1360, 1361, 1374, 1375, 1377, 1406, 1407, 1408, 1409, 1410, 1411, 1412, 1417, 1418, 1419, 1420, 1421, 1422, 1423, 1424, 1425, 1426, 1427, 1429, 1430, 1433, 1434, 1436, 1437, 1438, 1439, 1440, 1442, 1443, 1444, 1445, 1447, 1448, 1449, 1452, 1453, 1454, 1463, 1468, 1479, 1484, 1488, 1489, 1494.

It is further **ORDERED** that the Clerk of Court shall remove the currently docketed version of the Court's July 13, 2018, Order (Doc. No. 1442) and file the attached further-redacted version on the docket in its place.

It is further **ORDERED** that the submissions referenced in the Court's September 5, 2018, Order (Doc. No. 1494) shall be publicly filed.

BY THE COURT:

_____
MITCHELL S. GOLDBERG, J.

---

Because no interested party has made a showing of harm outweighing the strong presumption of access to judicial records, I will order these records unsealed.